EDWARD D. RITCHEY, Appellant, v. THOMAS HUNTLEY, Respondent.

St. Louis Court of Appeals, January 18, 1898.

1. **Instruction.** An instruction which, when taken together with the other instructions, was not repugnant, was not objectionable on that ground.

2. ———. An instruction for defendant, objected to on the ground that it failed to enumerate an indebtedness for pasturage, which mentioned the names of all the parties to whom plaintiff claimed to have paid sums for defendant, and added thereafter "and for keeping horse," could not have misled the jury by that phrase, where the exact amounts claimed by plaintiff for such payments, and for pasturage and keeping the horse, were set out in figures in an instruction for plaintiff.

3. **Verdict:** EVIDENCE: SUFFICIENCY. *Held*, that the claim that the verdict in this cause was unsupported by the evidence, was without merit.

*Appeal from the Clark Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*Berkheimer & Dawson* for appellant.

Instruction number 1 was inconsistent and misleading. *Ewers v. Shoemaker*, 57 Mo. App. 454; *Frank v. R. R., Id.* 181; *Redpath v. Lawrence*, 43 Mo. App. 101; *State v. Cable*, 117 Mo. 380; *State v. Brumley*, 53 Mo. App. 126; *James v. R. R.*, 107 Mo. 480.

Instruction number 4, given for defendant, is erroneous in having no evidence to support it. *Paddock v. Somes*, 102 Mo. 226; *Mfg. Co. v. Ball*, 43 Mo. App. 504; *State v. Parker*, 106 *Id.* 217; *Sparks v. Brown*, 46 *Id.* 529; *Thomas v. Ramsey*, 47 *Id.* 84; *Wilkinson v. Eiler*, 114 Mo. 245; and because misleading. *Welsh v. Edmonson*, 46 Mo. App. 282; *Sparks v. Transfer Co.*, 104 Mo. 531; *Russell v. R. R.*, 26 *Id.* 368; *McDonald v. R. R.*, 32 *Id.* 70; *Barley v. Beasley, Id.* 406; *Craycraft v. Walker & Co.*, 26 *Id.* 469; *Stoker v. Green*, 94 Mo. 280.

The verdict is against the evidence and the weight of the evidence. 1 Cobbey on Chat. Mort., secs. 141, 142, 138; *Martin v. Holbrook*, 55 Ark. 569; Jones on Chat. Mort. [3 Ed.], sec. 94; *Ackerman v. Hunsiker*, 39 Am. Rep. 621; 1 Cobbey on Chat Mort., sec. 144.

The amount secured need not be stated in the mortgage. Jones on Chat. Mort. [3 Ed.], secs. 95, 99.

If any part of the debt secured by mortgage is due, replevin will not lie. 1 Cobbey on Chat. Mort., sec. 183; *Roberts v. White*, 15 N. E. Rep. 568; *Willison v. Smith*, 52 Mo. App. 133; *Lacy v. Gibony*, 36 Mo. 320; *Bowers v. Benson*, 57 *Id.* 511; 1 Cobbey on Rep., sec. 173; *Jackson v. Cunningham*, 28 Mo. App. 354.

*J. A. Whiteside* and *O. S. Callihan* for respondent.

Before an appellate court will be justified in setting aside a verdict for the want of sufficient evidence, there must be a total failure of evidence tending to support it. *McKay v. Underwood*, 47 Mo. 185, 186; *Reid v. Ins. Co.*, 58 *Id.* 421, 429; *Hayner v. Crow*, 79 *Id.* 293, 296; *Maddox's Adm'r v. Nelson*, 50 *Id.* 256, 262; *Turner v. Gibbs, Id.* 556, 558; *McFarland v. United States, etc., Ass'n*, 124 *Id.* 204, 222.

BOND, J.—This is an action of replevin begun in a justice's court for the possession of certain personal property embraced in a chattel mortgage executed to plaintiff by defendant. It is alleged in the statement filed by plaintiff that defendant broke the conditions of the mortgage by failing to pay the secured indebtedness. Defendant had judgment on the trial in the justice's court, and likewise on plaintiff's appeal to the circuit court. Thereupon plaintiff appealed to this court.

Defendant was plaintiff's tenant. The mortgage was dated March 19, 1895, and covered certain live stock and the crops to be grown on the land rented of plaintiff. Among others it contained the following recitals:

"It is understood and agreed that any other indebtedness made by Tom Huntley to E. D. Ritchey other than the two notes of one hundred and five ($105) and thirty ($30) dollars, as hereinafter described, at any time during the life of this mortgage for any purpose whatever that the above described property shall be holden for same, the same as if a note had been taken and described in the mortgage. Upon the condition that if I pay to the said E. D. Ritchey one note of thirty ($30) dollars; to John Fortune one note of one hundred and five ($105) dollars or their executors, administrators and assigns John Fortune's note due March 1, 1896, for $105 and eight (8%) per cent interest from date, and note to E. D. Ritchey for thirty ($30) dollars due September 1, 1895, with interest at eight per cent, the Fortune note, signed Thomas Huntley and E. D. Ritchey, and the E. D. Ritchey note, signed by Thomas Huntley, then this conveyance shall be void; otherwise to remain in full force and effect. And in case default be made in payment of the debt

above mentioned, or any part thereof, or of the interest due thereon, or any day when the same ought to be paid, then the whole sum shall at the election of the said E. D. Ritchey become immediately due and payable.''

It further provides for possession of defendant until default, and authorizes plaintiff to take possession, in case of sale by defendant of any of the mortgaged effects. Plaintiff's evidence tended to show that the $30 note specified in the mortgage, known as the ''cow note,'' was due when the action was begun, and that defendant was also indebted to plaintiff at that time for other sums paid at his instance and for the pasturage and keep of a horse. Defendant's evidence tended to show that the cow note was paid and discharged in full before suit out of the proceeds of certain oats sold by defendant to a third party, who retained the price and paid it over to plaintiff. Defendant's evidence tended further to negative any indebtedness on his part to plaintiff on any other items of account specified in the statement. All of the testimony shows that defendant paid off the large note mentioned in the mortgage (which fell due after suit) at its maturity.

It is insisted that instruction number 1 given for defendant to the effect that the burden of proving his case was cast upon plaintiff, was inconsistent with other instructions given for plaintiff, INSTRUCTION. wherein the attention of the jury was called to the affirmative duty of defendant to prove the payments claimed, and to show that any alterations claimed by him to have been made in a contract bearing his signature were had and done after signing. This objection is untenable. The court specially instructed the jury to have regard to ''all of the instructions'' in arriving at their verdict. The instruc-

tions were not repugnant. When taken together, as they must be, they clearly indicated to the triers of the fact the general duty of plaintiff to prove his case, and the excepted instances wherein the burden of proof rested upon the defendant. This assignment is therefore ruled against appellant.

It is next complained that the court erred in instruction number 4 for defendant in failing to enumerate therein one of the items of indebtedness INSTRUCTION. (pasturage) claimed by plaintiff to have been covered · by the mortgage. The instruction in question does not bear out this contention. The transcript shows that it mentions the names of all the parties to whom plaintiff claimed to have paid sums for defendant, and adds thereafter the words "and for keeping horse." In the light of the evidence and instruction number 1 given for plaintiff, wherein the exact amounts claimed by plaintiff to be due him for payments made to others and for pasturage and keep of the horse, were set out in figures, the jury could not have been misled by the phrase above quoted, but must have understood it to refer to the item of pasturage and keep of the horse, and they were fully told in instruction number 1 for plaintiff that unless each and every one of the items therein specified was paid before suit, they should bring in a verdict for plaintiff. This assignment must therefore be ruled against appellant.

It is insisted by appellant that there is no evidence to sustain the verdict. This assignment can not, of course, be relied upon except as to those VERDICT: evidence: sufficiency. issues which defendant was required to prove, for as to all others the burden of proof · was upon the plaintiff, and it would be an anomaly to urge as to them that the verdict for defendant was unsupported by the evidence. As to the

issue cast upon defendant of proving payment, there was evidence in the record contained in his testimony tending to show that he did not owe anything to plaintiff on any account at the time of the institution of this suit. Hence there is no merit in the contention that the verdict is unsupported by the evidence. Our conclusion is th at the judgment herein must be affirmed. All concur.